UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGEL TOFOLLAOCHOA, CDCR# BF1929,<br><br>          Plaintiff,<br><br> vs.<br><br>A. CASTRO, Correctional Officer,<br><br>          Defendant. | Case No.: 3:22-cv-1929-CAB-AHG<br><br>**ORDER DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEES REQUIRED BY 28 U.S.C. § 1914(a)** |

  Angel Tofolloaochoa ("Plaintiff"), a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* ECF No. 1. He alleges Defendant violated his Eighth Amendment rights when he failed to protect Plaintiff from being assaulted by fellow inmates. *Id.* at 3–12. Plaintiff seeks compensatory and punitive damages, and injunctive relief. *Id.* at 16.

**I. Failure to Pay Filing Fee or Request IFP Status**

  All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir.

2007) ("*Cervantes*"); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 83–84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires all persons seeking to proceed without full prepayment of fees to submit an *affidavit* that includes a statement of all assets possessed and which demonstrates an inability to pay. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In support of this affidavit, prisoners like Plaintiff must also submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). It is from the certified trust account statement that the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless he has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

Here, Plaintiff has not paid pay the filing fee required to commence a civil action, nor has he filed a Motion to Proceed IFP. While he has submitted a copy of his trust account statement (ECF No. 3), this statement, by itself, is insufficient to comply with § 1915, which requires which includes *both* the affidavit, 28 U.S.C. § 1915(a)(1), *and* a certified copy of his trust funds account statement. 28 U.S.C. § 1915(a)(2). Therefore, Plaintiff's case cannot yet proceed. *See* 28 U.S.C. § 1914(a); *Cervantes*, 493 F.3d at 1051.

**II.   Conclusion and Order**

For the reason explained above, the Court:

(1)     **DISMISSES** this action sua sponte without prejudice for failing to pay the $402 civil filing and administrative fee or to submit a motion to proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2)     **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order to re-open this case by: (a) prepaying the entire $402 civil filing and administrative fee required by 28 U.S.C. § 1914(a) in full; or (b) completing and filing a Motion to Proceed IFP which includes *both* the affidavit and the certified copies of his trust account statement for the 6-month period preceding the filing of his Complaint required by 28 U.S.C. § 1915(a)(1), (2) and S.D. Cal. CivLR 3.2(b).[1]

(3)     **DIRECTS** the Clerk of Court to provide Plaintiff with a Court- approved form "Motion and Declaration in Support of Motion to Proceed In Forma Pauperis."

**IT IS SO ORDERED.**

Dated:  December 22, 2022

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] If Plaintiff fails to either prepay the $402 civil filing fee or file a properly supported Motion and Declaration in Support of his Motion to Proceed IFP, together with the trust account statements required by 28 U.S.C. § 1915(a)(2) within 45 days, this case will remain dismissed without prejudice based only on Plaintiff's failure to satisfy 28 U.S.C. § 1914(a)'s fee requirements, and will *not* be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).